**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



Mary Ann Whipple
United States Bankruptcy Judge

**Dated: September 21 2016**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No.: 15-32643 |
| | ) | |
| Paul Anthony Syroka, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | Adv. Pro. No. 15-3133 |
| | ) | |
| Daniel M. McDermott, | ) | Hon. Mary Ann Whipple |
| United States Trustee, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| Paul Anthony Syroka, | ) | |
| | ) | |
| Defendant. | ) | |

### MEMORANDUM OF DECISION AND ORDER DENYING MOTION TO DISMISS

This adversary proceeding is before the court on Defendant's Motion to Dismiss [Doc. # 18], and Plaintiff's opposition [Doc. # 23]. Defendant is the debtor in the underlying Chapter 7 bankruptcy case. In his complaint, Plaintiff, the United States Trustee ("UST"), seeks an order denying Defendant a discharge pursuant to 11 U.S.C. § 727(a)(2), (a)(3), (a)(4), and (a)(5). In the alternative, Plaintiff seeks dismissal of Defendant's Chapter 7 case for bad faith pursuant to 11 U.S.C. § 707(a). For the reasons that follow, the court will deny Defendant's motion.

## BACKGROUND

Defendant filed for relief under Chapter 7 of the Bankruptcy Code on August 13, 2015. [Case No. 15-32643]. The first date set for the meeting of creditors under 11 U.S.C. § 341(a) was September 29, 2015. [*See id.*, Doc. # 6]. The UST commenced this adversary proceeding on November 30, 2015.

In his complaint the UST alleges that Defendant maintains dominion and control over and has a concealed equity interest in certain business enterprises. [Doc. # 1, Complaint, ¶ 54]. The UST alleges that Defendant relies upon his wife to aid him in concealing such dominion and control, that his wife has agreed to be named on the financial accounts, tax filings and other business records of Syltran, one of the business enterprises, and that he permitted his income and profits to be transferred to his wife within one year of filing his bankruptcy petition and after filing in order to hinder, delay, or defraud his creditors . [*Id.* at ¶¶ 35, 55, 62, 80, 84]. The UST also alleges, among other things, that Defendant has omitted assets from his bankruptcy schedules and has under reported his cash holdings and the value of other assets. [*Id.* at ¶ 76].

The UST's complaint objecting to discharge includes six counts brought under 11 U.S.C. § 727(a):

(1) Continuing concealment of Defendant's business interests within one year of filing his bankruptcy petition brought under § 727(a)(2)(A), [*id.* at ¶¶ 77-80];

(2) Continuing concealment of Defendant's business interests after the order for relief brought under § 727(a)(2)(B), [*id.* at ¶¶ 81-85];

(3) Concealment, falsification, and/or failure to keep reasonable business records brought under § 727(a)(3), [*id.* at ¶¶ 86-89];

(4) False oaths brought under § 727(a)(4)(A), [*Id.* at 90-92];

(5) Failure to turnover business records brought under § 727(a)(4)(D), [*id* at 93-95]; and

(6) Failure to explain deficiency of assets brought under § 727(a)(5), [*id.* at ¶¶ 96-98].

Alternatively, count seven seeks an order of dismissal for bad faith pursuant to § 707(a). [*Id.* at ¶¶ 99-101].

## LAW AND ANALYSIS

A motion brought by a defendant to dismiss an adversary proceeding is governed by Federal Rule of Civil Procedure 12(b), made applicable to this proceeding by Bankruptcy Rule 7012(b). In incrementally numbered paragraphs, Federal Rule of Civil Procedure 12(b) enumerates seven separate grounds upon which a motion to dismiss may be based.

Defendant's Motion to Dismiss is based upon his assertion that the UST's complaint was filed

"beyond all statutes of limitations." [Doc. # 18, p. 2]. Although Defendant does not specify upon which of the seven grounds set forth in Rule 12(b) his motion is based, the court will assume it is brought under Rule 12(b)(6). *See Ambassadors Travel Serv. v. Liescheidt (In re Liescheidt)*, 404 B.R. 499, 502 (Bankr. C.D. Ill. 2009) ("It is beyond question that a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim is the proper vehicle by which to assert a limitations defense where the complaint shows affirmatively that the claim is time-barred."); *Blake v. Traster (In re Traster)*, Adv. No. 13-3009, 2014 WL 1276397, *3 (Bankr. N.D. Ohio March 27, 2014).

Federal Rule of Civil Procedure 12(b)(6) provides that a court may dismiss a pleading for a "failure to state a claim upon which relief can be granted[.]" In considering a motion to dismiss under Rule 12(b)(6), the court must assume as true all the well-pleaded facts in the complaint and view them in a light most favorable to the plaintiff, drawing all reasonable inferences in favor of the plaintiff. *Paige v. Coyner*, 614 F.3d 273, 277 (6th Cir. 2010); *Bower v. Fed. Express Corp.*, 96 F.3d 200, 203 (6th Cir. 1996). However, "a legal conclusion couched as a factual allegation" need not be accepted as true. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The purpose of such a motion is not to decide the merits of the case, but to test the legal sufficiency of the complaint. *Gibson v. Chicago*, 910 F.2d 1510, 1520 (7th Cir. 2005). The issue in a 12(b)(6) motion is, therefore, not whether the plaintiff is entitled to prevail, but whether the plaintiff is entitled to offer evidence in support of the claims. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds by Davis v. Scherer*, 468 U.S. 183 (1984).

Defendant's position, that the UST's complaint should be dismissed because of its untimeliness, is premised on the State of Ohio's statute of limitations for fraudulent transfers. Defendant argues that the UST's claims were "extinguished" by the Ohio statute of limitations since his creditors did not assert a fraudulent transfer claim within the maximum four-year Ohio limitation period. [Doc. # 18, p. 2]. Defendant's argument, however, is not well taken.

The UST's complaint does not allege a fraudulent transfer claim or seek to avoid any transfers. Rather, six of the seven counts alleged in the UST's complaint seek to deny Defendant a discharge pursuant to § 727(a). The UST correctly asserts that the Federal Rules of Bankruptcy Procedure, not Ohio law, govern the timeliness of a complaint to deny a Chapter 7 discharge. Rule 4004(a) of the Federal Rules of Bankruptcy Procedure provides, in relevant part, that "[i]n a chapter 7 case, a complaint. . .objecting to the debtor's discharge shall be filed no later than 60 days after the first date set for the meeting of creditors under § 341(a)." Fed. R. Bankr. P. 4004(a). The first date set for the meeting of creditors in Defendant's

Chapter 7 case was September 29, 2015. Thus, the deadline for filing a complaint objecting to Defendant's discharge was November 30, 2015.[1] The UST's complaint was filed on that date.

Count seven of the UST's complaint seeks dismissal of Defendant's Chapter 7 case for cause, and specifically for bad faith, pursuant to § 707(a). The UST correctly contends that no rule or statute limits the time within which a party must request dismissal under § 707(a). *Cf. In re Maide*, 103 B.R. 696, 698 (Bankr. W.D. Pa. 1989)(finding that a transfer made for no consideration to a nondebtor spouse and the fact that it left the debtor with insignificant assets of nominal value "indicates a lack of good faith and militates for dismissal of this case for cause pursuant to § 707(a) of the Bankruptcy Code, whether or not the statute of limitations on the avoidance of a fraudulent transfer has passed").

The court thus finds that the UST's complaint was timely filed and will deny Defendant's motion to dismiss.

**THEREFORE,** for the foregoing reasons, good cause appearing,

**IT IS ORDERED** that Defendant's Motion to Dismiss [Doc. # 18] be, and hereby is, **DENIED.**

###

---

[1] The 60th day after September 29 was a Saturday, November 28, 2015. November 30, 2015, was the first date that did not fall on a weekend or holiday. *See* Fed. R. Bankr. P. 9006(a)(1)(C).